**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RAJNI GANDHI,

                              Plaintiff,

               v.
                                                     1:20-CV-120
                                                     (LEK/DJS)

NYS UNIFIED COURT SYSTEM, *et al.*,

                              Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

RAJNI GANDHI
Plaintiff, *Pro Se*
1101 Stonegate Drive
Rensselaer, NY 12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     The Clerk has sent to the Court a *pro se* Complaint filed by Rajni Gandhi. Dkt. Nos. 1 through 1-3 & Dkt. No. 5. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in Forma Pauperis* (IFP). Dkt. No. 2. By separate Order, this Court granted Plaintiff's Application to proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

### A. Pleading Requirements

     Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the

- 1 -

court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –

but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Furthermore, a court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each

> claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"), alleging that she was wrongfully terminated from her job in the New York State Unified Court System. In particular, the Complaint alleges that Plaintiff was

employed by the New York State Unified Court System for 18 years before she was terminated. Dkt. Nos. 1 through 1-3 & 5. She alleges that she was denied time off for a religious trip, not offered an interview for a promotion despite her seniority and qualifications, and was never promoted in her 18 years of employment. Dkt. No. 1 at pp. 3-4.[1] She alleges she was harassed due to her disability, and falsely labeled as incapacitated and permanently disabled and terminated on that basis. Dkt. No. 1 at pp. 5, 6, 10, & 13; Dkt. No. 1-1 at pp. 1-2 & 4-6. Plaintiff alleges that she has a bulged disc, cervical spondylosis, arthritic degenerative condition, and is hearing impaired in both ears, and that she was never provided requested accommodations. Dkt. No. 1 at pp. 7 & 13; Dkt. No. 1-1 at p. 2. Plaintiff was terminated from her position on January 7, 2019. Dkt. No. 1-1 at p. 1.

Plaintiff filed charges with the EEOC, received a Notice of Right to Sue letter on November 26, 2019, and filed this lawsuit within 90 days of receiving that letter. Dkt. No. 1-2 at p. 1. Plaintiff seeks monetary compensation and reinstatement as a state employee. Dkt. No. 1 at pp. 8, 12, & 15.

### C. Analysis of Plaintiff's Claims

Plaintiff has submitted a number of filings in this action, which include what appear to be three separate complaints, as well as supplemental filings. Dkt. Nos. 1 through 1-3 & 5. The Complaint fails to satisfy the basic pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, making it challenging to assess whether

---

[1] Complaint citation is to the pagination assigned by the Court's CM/ECF system.

or not she has stated a viable claim for relief. These documents fail to make clear on what legal theory each claim is based, and against whom each claim is asserted, and do not conform with pleading standards, consisting of three separate complaints and failing to provide facts in enumerated paragraphs. From a purely form perspective, therefore, the Complaint does not suffice and the Court recommends it be dismissed with leave to replead with proper form and greater clarity. As to certain asserted claims, however, it is clear that dismissal is required.

*1. ADA and ADEA Claims*

The Court recommends that Plaintiff's ADA and ADEA claims against the New York State Unified Court System be dismissed based on the doctrine of sovereign immunity because neither statute has abrogated that agency's immunity.

Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.") (internal quotation omitted); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*,

63 F.Supp.3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). Neither the ADA, *Blair v. SUNY Univ. at Buffalo*, 2020 WL 695870, at *4 (W.D.N.Y. Feb. 11, 2020), nor the ADEA abrogated that immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). Therefore, the Court recommends that Plaintiff's ADA and ADEA claims against the New York State Unified Court System be dismissed based on the doctrine of sovereign immunity.

In addition, the Court recommends that Plaintiff's claim under the ADA against the individual Defendants be dismissed because individuals are not subject to liability under Title I of the ADA. *Vance v. Halaquist*, 2018 WL 6174195, at *5 (N.D.N.Y. July 18, 2018); *Arcuri v. Schoch*, 2015 WL 5652336, at *5 (N.D.N.Y. Sept. 24, 2015) (collecting cases and explaining that, "[a]lthough the Second Circuit has yet to explicitly address whether there is individual liability under Title I of the ADA, many district courts in this circuit, as well as other circuit courts, have held that individual defendants may not be held personally liable for alleged violations of Title I of the ADA.").

Similarly, "it is well established that there is no individual liability under the ADEA." *Edwards v. Onondaga Comm. Coll.*, 2015 WL 224782, at *8 (N.D.N.Y. Jan. 15, 2015) (citing *Guerra v. Jones*, 421 Fed. Appx. 15, 17 (2d Cir. 2011)).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). However, where the grounds for

dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). As such, the Court recommends Plaintiff's ADA and ADEA claims against both the New York State Unified Court System and the individual Defendants be dismissed with prejudice.

### 2. Title VII Religious Discrimination

Plaintiff asserts a claim for religious discrimination under Title VII. However, the claims against the individual Defendants must be dismissed because there is no individual liability under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). The Court therefore recommends that Plaintiff's Title VII claims against the individual Defendants be dismissed with prejudice. *See Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015).

A Title VII claim against her employer, however, may be sufficient to proceed with better pleading. *See Cao-Bossa v. Pulcher*, 2018 WL 5262469, at *2 ("The Supreme Court has held that Congress intended to abrogate the states' Eleventh Amendment immunity from suit under Title VII.") (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2 (1976); *David v.* State *Univ. of N.Y.*, 802 F.2d 638, 640 n.1 (2d Cir. 1986)).

### 3. New York State Human Rights Law

It is possible that Plaintiff's allegations against the individual Defendants could state claims for discrimination or retaliation pursuant to New York law. *See* N.Y. Exec. Law § 296(10)(a) ("It shall be an unlawful discriminatory practice for any employer, or an employee or agent thereof, to impose upon a person as a condition of obtaining or retaining employment, including opportunities for promotion, advancement or transfers,

any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion . . ."); § 296(1) ("It shall be an unlawful discriminatory practice [ ] For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."); *see Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003). As such, Plaintiff may be able to plead such a claim against the individual Defendants.

### *4. Section 1983 Claims*

Plaintiff also brings claims pursuant to 42 U.S.C. § 1983. She may be able to pursue stigma-plus claims as to the alleged defamation and slander, or equal protection claims as to alleged discrimination and retaliation by the individual Defendants. Any 1983 claim against her employer is barred by sovereign immunity, however, and the Court would recommend that any such claim be dismissed with prejudice. *Phillips v. New York*, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) ("New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity.") (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)).

### *5. Pleading Requirements*

The Court advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules

of Civil Procedure. **Plaintiff should only submit one single complaint which contains all of the facts and causes of actions she wishes to assert**. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of her prior Complaint shall be incorporated into her amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims she intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated a law, she should specifically make reference to such law.

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. Dkt. No. 3. The application indicates that Plaintiff has been unsuccessful in her efforts to obtain counsel on her own from the private sector. *Id.*

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided

- 11 -

on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action. As such, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's Motion is therefore denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Title VII, ADEA, and ADA claims against the individual Defendants be **dismissed with prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's ADA, ADEA, and Section 1983 claims against the New York State Unified Court System be **dismissed with prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's remaining claims be **dismissed with leave to replead**; and it is

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 3) is **denied**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal

with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 11, 2020
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).