UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAJNI GANDHI,

Plaintiff,

-against- 1:20-CV-0120 (LEK/DJS)

NYS UNIFIED COURT SYSTEM, *et al.*,

Defendants.

**DECISION AND ORDER**

## I. INTRODUCTION

Pro se plaintiff Rajni Gandhi brings this civil rights suit against her former employer, the New York State Unified Court System ("NYSUCS"), and several of her former NYSUCS colleagues (the "Individual Defendants") under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), 42 U.S.C. § 1983, and state law. Dkt. Nos. 1 ("Complaint"); 1-1 ("Additional Statement of Facts"); 1-3 ("Cover Letter"). Plaintiff alleges that she was harassed, discriminated against, and, eventually, terminated from her employment with the NYSUCS in violation of her statutory and constitutional rights. See Compl.; Add'l Statement of Facts. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application").

The Honorable Daniel J. Stewart, United States Magistrate Judge, granted Plaintiff's IFP Application. Dkt. No. 6. By separate order, he then reviewed the sufficiency of Plaintiff's Complaint under 28 U.S.C. § 1915(e) and recommended dismissal. Dkt. No. 7 ("Report-Recommendation"). Specifically, Judge Stewart recommended that the Court dismiss with prejudice Plaintiff's ADA, ADEA, and § 1983 claims against the NYSUCS because such claims

are barred by sovereign immunity. Id. at 6–9. He further recommended dismissing with prejudice Plaintiff's Title VII, ADEA, and ADA claims against the Individual Defendants because those statutes do not create causes of action against individuals. Id. at 7–8. Finally, Judge Stewart recommended that the Court dismiss Plaintiff's remaining claims with leave to replead. Id. at 12.

Instead of filing objections to the Report-Recommendation—and before the Court could review the Report-Recommendation—Plaintiff filed an amended complaint. Dkt. No. 10 ("Amended Complaint"). The Court now adopts the Report-Recommendation in its entirety, deems the Amended Complaint the operative pleading, and refers the Amended Complaint to Judge Stewart for sufficiency review under § 1915(e).

## II. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

### A. Report-Recommendation

Plaintiff did not file objections to the Report-Recommendation. See Docket. Accordingly, the Court reviews the Report-Recommendation for clear error, and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

### B. Amended Complaint

A party may amend a pleading once "as a matter of course" within twenty-one days after service. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, because Plaintiff filed her Amended Complaint before the original Complaint was served, she could file "as a matter of course" and had no need to seek leave of Court. See Smith v. Pines, No. 17-CV-286, 2017 WL 2616956, at *1, *1 n.1 (N.D.N.Y. June 16, 2017) (stating, at the § 1915(e) sufficiency review stage, "that[] [when plaintiff] filed his Amended Complaint, [he] had not yet served his original Complaint, eliminating the need for a motion to amend." (citing Smith v. Schweiloch, 12-CV-3253, 2012 WL 2277687, at *3 (S.D.N.Y. June 18, 2012)). The Court therefore deems the Amended Complaint to be the operative pleading and refers the Amended Complaint to Judge Stewart for review. See Williams v. Norris, No. 18-CV-349, 2018 WL 5843155, at *1 (N.D.N.Y. Nov. 8, 2018) (after adopting magistrate judge's report-recommendation regarding the sufficiency of plaintiff's original complaint, referring amended complaint back to magistrate judge for sufficiency review).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's ADA, ADEA, and Section 1983 claims against the New York State Unified Court System are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's Title VII, ADEA, and ADA claims against the Individual Defendants are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's remaining claims are **DISMISSED without prejudice and with leave to replead**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 10) is deemed the operative pleading; and it is further

**ORDERED**, that Plaintiff's Amended Complaint is referred to Judge Stewart for review under 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: May 05, 2019
Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge