**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RAJNI GANDHI,

                                        Plaintiff,

                                                                1:20-CV-120
                        v.                                      (LEK/DJS)

NYS UNIFIED COURT SYSTEM, *et al.*,

                                        Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

RAJNI GANDHI
Plaintiff, *Pro Se*
1101 Stonegate Drive
Rensselaer, NY  12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        Plaintiff *pro se* filed a Complaint and supporting documents in February and

March of 2020.  Dkt. Nos. 1 through 1-3 & Dkt. No. 5.  After granting Plaintiff's Motion

to Proceed *in Forma Pauperis* (IFP), Dkt. Nos. 2 & 6, the Court *sua sponte* reviewed

Plaintiff's submissions in accordance with 28 U.S.C. § 1915(e), and recommended that

Plaintiff's Title VII, ADEA, and ADA claims against the individual Defendants be

dismissed with prejudice, Plaintiff's ADEA, ADA, and Section 1983 claims against her

employer be dismissed with prejudice, and that the remainder of the Complaint be

dismissed with leave to replead due to lack of clarity.  Dkt. No. 7.  At that time, the Court

also denied Plaintiff's request for appointment of counsel with leave to renew the request. *Id.*

Plaintiff has now filed an Amended Complaint, as well as a renewed request for appointment of counsel.  Dkt. Nos. 10 & 11.  On May 5, 2020, the District Court adopted the Court's report-recommendation, and referred the Amended Complaint to the undersigned for review pursuant to 28 U.S.C. § 1915(e).  Dkt. No. 12.[1]

# I.  DISCUSSION

## A.  Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis

---

[1] Michael Coccomma, Nurse Jane Doe, and Mary Beth Sauter are not included as Defendants in the Amended Complaint.  As such, they should be terminated from the matter.

in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Furthermore, a court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and

may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Allegations Contained in Plaintiff's Amended Complaint

Plaintiff's Amended Complaint alleges that she was wrongfully terminated from her job with the New York State Unified Court System ("UCS"). In particular, Plaintiff alleges that she was employed by the New York State Unified Court System as a Senior Court Office Assistant from April 12, 2001 until she was terminated on January 7, 2019 by Defendant Diebel because she was a "permanently disabled and incapacitated employee." Dkt. No. 10, Am. Compl., p. 4.[2] Plaintiff alleges that the individual Defendants harassed her and framed her to support her termination. *Id.* at p. 5.

Plaintiff alleges that in August of 2017 after she developed back pain that interfered with her ability to handle files, her supervisor, Defendant Lee, told her to seek assistance from her coworkers and to obtain a letter from her doctor, which she did. *Id.* She then was called into a meeting in October of 2017, during which Defendants Diebel

---

[2] Citations to the Amended Complaint are made to the page numbers assigned by the Court's CM/ECF system.

and Mancino gave her a verbal warning for acting like a supervisor by seeking assistance from her coworkers. *Id.* Diebel refused to investigate Plaintiff's denial of wrongdoing, and refused to remove the verbal warning letter from her personnel file. *Id.* Plaintiff was then instructed to request files from Defendants Lee and Mancino, who kept a log of the files she asked for, in order to frame her and terminate her based on her medical disability. *Id.* Defendant Mancino also instructed a coworker to pull files for Plaintiff one day, causing her coworker to harass her. *Id.*

Plaintiff alleges that she was denied due process because she was terminated without proper notice and without a timely, unbiased hearing. *Id.* at p. 6. She alleges that the termination was wrongful because she was not permanently disabled or incapacitated. *Id.*

Plaintiff alleges that she has established medical disabilities - cervical spondylosis, stenosis, and arthritic degenerative disc condition - and that her doctor placed her under a work restriction that she refrain from heavy filing, heavy lifting, and opening heavy drawers. *Id.* She alleges that she was able to perform the essential duties of her position with or without a reasonable accommodation, which was not given to her. *Id.* She alleges that she was labeled as permanently disabled and incapacitated and was terminated because of disability discrimination and retaliation. *Id.* at p. 7. Plaintiff alleges that she performed work beyond the duties of her position at the directive of her supervisor, Defendant Lee, and that she had positive work evaluations. *Id.* at pp. 7-8. There was work that she could have been given that did not require significant filing, and she could have been transferred to a different court where filing was not required or was less

extensive. *Id.* at p. 8. Plaintiff alleges that she applied for numerous transfers and promotions but was never promoted or permitted to transfer. *Id.* Specifically, she alleges that in May of 2018 she applied for a position that she was qualified for, and was not offered an interview, and instead someone with less experience was hired. *Id.* She believes the failure to promote her or to offer her an interview was discrimination based on her medical disability. *Id.* at p. 11.

Plaintiff alleges that identifying her as permanently disabled and incapacitated when she was not caused her to be terminated, and that it has made her unable to obtain any job since she was terminated. *Id.* at pp. 8-9.

Plaintiff also alleges that her termination was retaliatory for filing a grievance for denial of time off for religious purposes. *Id.* She alleges that she is Hindu and travels to India every February for religious purposes. *Id.* at p. 10. In late 2018, Plaintiff requested from Defendant Lee three weeks of vacation for religious purposes, which was ignored. *Id.* at p. 9. Defendants granted her four days of vacation, and she filed a grievance, which was ignored. *Id.* In December of 2018,[3] Plaintiff requested to take her religious trip and Defendant Lee again did not respond to her request, and she was terminated on January 7, 2019. She also had requested leave for a religious trip in 2018, which Defendants tried to deny until her union got involved. *Id.* at p. 10. She alleges that Defendant Mancino told her that he does not "care for [her] religion or spirituality, [she is] never going to get this kind of time off again." *Id.* In December of 2018, when Plaintiff was exiting the

---

[3] The Amended Complaint states this occurred in December 31, 2019, but she was terminated on January 7, 2019. *Id.* at p. 7.

office to go home for lunch, Mancino stopped her to ask if she goes home to pray because she wants or has to. *Id.* at p. 11.  She alleges that all of the individual Defendants aided and abetted in the violation of the New York State Human Rights Law ("NYSHRL"). *Id.*

Plaintiff brings claims for wrongful termination and a due process violation; disability discrimination under New York State Human Rights law; a stigma plus claim, defamation and slander claims; retaliation under New York State Human Rights Law and the First Amendment; religious discrimination under Title VII and the New York State Human Rights Law; and an equal protection violation under the Fourteenth Amendment and the New York State Constitution. *Id.* at pp. 12-13.  She does not identify against whom each claim is brought, but generally alleges that all three individual Defendants were involved in the wrongdoing. *Id.* at p. 2.  She seeks monetary compensation, as well as reinstatement as a state employee and to have her length of service reinstated to support proper pension payout. *Id.* at pp. 14-15.

### C.  Analysis of Plaintiff's Claims

#### 1.  *Claims Against UCS*

The Court recommends that Plaintiff's Title VII claim against her employer be permitted to proceed.[4]  *See Cao-Bossa v. Pulcher*, 2018 WL 5262469, at *2 (N.D.N.Y. May 3, 2018) ("The Supreme Court has held that Congress intended to abrogate the states' Eleventh Amendment immunity from suit under Title VII.") (citing *Fitzpatrick v. Bitzer*,

---

[4] Plaintiff does not attach a copy of her EEOC right to sue letter or otherwise discuss her exhaustion of administrative remedies in the Amended Complaint.  Plaintiff did attach her right to sue letter to her original Complaint, however. Dkt. No. 1-2 at p. 1.  Although the Court ordinarily would not consider anything from Plaintiff's original Complaint in considering the merits of her Amended Complaint, *see* Dkt. No. 7 at p. 10, for the sake of efficiency, the Court recognizes that Plaintiff has alleged that she properly exhausted her administrative remedies.

427 U.S. 445, 449 n.2 (1976); *David v.* State *Univ. of N.Y.*, 802 F.2d 638, 640 n.1 (2d Cir. 1986)).

However, the Court recommends that the remainder of Plaintiff's claims against UCS be dismissed with prejudice on the basis of Eleventh Amendment immunity. Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.") (internal quotation omitted); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F.Supp.3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted); *see also Slominski v. NYS Office of Mental Health*, 2018 WL 6977339, at *3 (N.D.N.Y. Dec. 6, 2018) ("New York has not waived its Eleventh Amendment immunity for NYSHRL suits in federal courts.") (quotation marks omitted) (citations omitted); *Phillips v. New York*, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) ("New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity.") (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)).

### 2. *Claims Against the Individual Defendants*

Many of Plaintiff's allegations are set forth in a very conclusory manner. "*Pro se* complaints, such as these, however, must be read broadly." *Haydu v. U.S. Fed. Gov't*, 2013 WL 665066, at *7 (N.D.N.Y. Jan. 29, 2013), *report and recommendation adopted*, 2013 WL 665063 (N.D.N.Y. Feb. 22, 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). In addition, they should be read to raise the strongest arguments they could suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir.2008). It is with those principles in mind that the Court addresses the particular claims Plaintiff appears to assert.

### a. *Due Process Violation and Wrongful Termination*

Plaintiff alleges that she was immediately terminated without due process or any notice. "To successfully state a claim under 42 U.S.C. § 1983 for the denial of procedural due process, a plaintiff must show that he or she 1) possessed an actual liberty interest and 2) was deprived of that interest without being afforded sufficient process." *Powell v. Johnson*, 2012 WL 4052261, at *4 (N.D.N.Y. Jan. 9, 2012) (citing *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000) (citations omitted); *Hynes v. Squillace,* 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin,* 91 F.3d 349, 351-52 (2d Cir. 1996)). At this early point in the case, the Court would recommend this claim be permitted to proceed against the individual Defendants.

As for Plaintiff's wrongful termination claim, it appears that it may be based on a breach of contract. The Court recommends this claim be permitted to proceed as well.

### b.  *New York State Human Rights Law Disability Discrimination*

The New York State Human Rights Law provides that "[i]t shall be an unlawful discriminatory practice [ ] [f]or an employer . . . because of an individual's . . . disability . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."  N.Y. Exec. Law § 296(1).  It is possible that Plaintiff's allegations against the individual Defendants could state claims for discrimination pursuant to this provision.  *See Oakley v. Dolan*, 2020 WL 818920, at \*15 (S.D.N.Y. Feb. 19, 2020).  As such, the Court recommends that, at this stage of the proceedings, Plaintiff's NYSHRL disability discrimination be permitted to proceed against the individual Defendants.

### c.  *Stigma Plus, Defamation, and Slander Claims*

Plaintiff also brings a stigma plus claim based on alleged defamation and slander pursuant to 42 U.S.C. § 1983.  At this stage in the proceedings, the Court recommends the claim be permitted to proceed.  *See Fitzgerald v. Sabol*, 1994 WL 478474, at \*5 (S.D.N.Y. Sept. 1, 1994) ("In cases of public employment, persons have a recognized liberty interest in being free of stigmas attached to their 'good name[s], reputation[s], honor or integrity' as well as an interest in not being 'foreclosed [from the] freedom to take advantage of other employment opportunities.'") (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972).  The Court also recommends that Plaintiff's state law claims of slander and defamation be permitted to proceed.

### d. First Amendment and New York State Human Rights Law Retaliation

The New York State Human Rights Law prohibits retaliation based upon an individual opposing any practices forbidden under the statute. N.Y. Exec. Law § 296(7). Plaintiff alleges that she was terminated because she filed a grievance against her employer for denial of time off for religious purposes. Am. Compl. at p. 9. The Court recommends that Plaintiff's New York State Human Rights Law retaliation claims be permitted to proceed against the individual Defendants.

As for Plaintiff's First Amendment retaliation claim, "in order to establish a First Amendment claim of retaliation as a public employee, [Plaintiff] must show that '(1) h[er] speech addressed a matter of public concern, (2) [s]he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action.'" *Konits v. Valley Stream Cent. High Sch. Dist.*, 394 F.3d 121, 124 (2d Cir. 2005) (citation omitted). "[W]hen a public employee's speech regards the existence of discrimination in the workplace, such speech is a matter of public concern." *Id.* at 125. The Court recommends that Plaintiff's First Amendment retaliation claim be permitted to proceed against the individual Defendants.

### e. Title VII and New York State Human Rights Law Religious Discrimination Claim

Plaintiff asserts a claim for religious discrimination under Title VII and the New York State Human Rights Law. Plaintiff's Title VII claims against the individual Defendants have already been dismissed with prejudice. *See* Dkt. No. 12.

The Court recommends that Plaintiff's claim for religious discrimination under the New York State Human Rights Law be permitted to proceed against the individual

- 12 -

Defendants, however.  *See* N.Y. Exec. Law § 296(10)(a) ("It shall be an unlawful discriminatory practice for any employer, or an employee or agent thereof, to impose upon a person as a condition of obtaining or retaining employment, including opportunities for promotion, advancement or transfers, any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion . . .").

> f. *Equal Rights Protection Violation Pursuant to the 14th Amendment and the New York State Constitution*

Plaintiff also brings equal protection claims.  "To state a . . . disability-based Equal Protection violation, plaintiffs must allege that a government actor intentionally discriminated against plaintiffs on the basis of their . . . disability." *Prince v. Utica City Sch. Dist.*, 2016 WL 11478211, at *6 (N.D.N.Y. May 10, 2016).  Plaintiff alleges that she was not offered promotions because of her disability.  Am. Compl. at p. 11.  The Court recommends, at this stage, that Plaintiff's equal protection claim be permitted to proceed against the individual Defendants.

As for Plaintiff's equal protection claim under the New York State Constitution, "while New York recognizes a private cause of action for violations of the New York State Constitution, that cause of action is only available, however, where the plaintiffs have no alternative remedies that would protect their interests," such as a claim under section 1983. *Hamilton v. New York State Dep't of Corrs. And Comm. Supervision, et al.*, 2019 WL 2352981, at *19 (N.D.N.Y. June 4, 2019) (internal citations and quotation marks omitted).  Therefore, because Plaintiff may pursue such a claim pursuant to the

- 13 -

Fourteenth Amendment, the Court recommends that Plaintiff's equal protection claim under the New York State Constitution be dismissed.

## II.  PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel.  Dkt. No. 11.

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided

on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

At this early stage in the matter, where only allegations have been asserted but no evidence has been submitted to the Court, the Court is unable to determine whether Plaintiff's claims are likely to be of substance.  Plaintiff's Motion is therefore denied, but she is granted leave to renew the request at a later stage in the case.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Title VII claim against UCS be permitted to proceed; and it is further

**RECOMMENDED**, that the remainder of Plaintiff's claims against UCS be dismissed; and it is further

**RECOMMENDED**, that Plaintiff's due process and wrongful termination claims against the individual Defendants be permitted to proceed; and it is further

**RECOMMENDED**, that Plaintiff's NYSHRL disability discrimination claim against the individual Defendants be permitted to proceed; and it is further

**RECOMMENDED**, that Plaintiff's First Amendment stigma-plus claim, defamation, and slander claims be permitted to proceed against the individual Defendants; and it is further

**RECOMMENDED**, that Plaintiff's NYSHRL and First Amendment retaliation claims be permitted to proceed against the individual Defendants; and it is further

**RECOMMENDED**, that Plaintiff's NYSHRL religious discrimination claim against the individual Defendants be permitted to proceed; and it is further

**RECOMMENDED**, that Plaintiff's Fourteenth Amendment equal protection claim be permitted to proceed against the individual Defendants; and it is further

**RECOMMENDED**, that Plaintiff's equal protection claim pursuant to the New York State Constitution be dismissed; and it is

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 11) is **denied**; and it is further

**ORDERED**, that the Clerk of the Court terminate Michael Coccomma, Nurse Jane Doe, and Mary Beth Sauter as Defendants in this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   June 24, 2020
         Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge