UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAJNI GANDHI,

                              Plaintiff,

         -against-                                        1:20-CV-0120 (LEK/DJS)

NYS UNIFIED COURT SYSTEM, *et al.*,

                              Defendants.

_____

**DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Rajni Gandhi brings this pro se action against the New York State Unified Court System ("UCS"), Chief Clerk Anthony Mancino, Deputy Chief Clerk Laureen Lee, and District Executive Beth Diebel (collectively, "Defendants"). Plaintiff commenced this action on February 4, 2020, Dkt. No. 1 ("Complaint"), and filed a motion for leave to proceed in forma pauperis, Dkt. No. 2 ("IFP Application") and a motion to appoint counsel, Dkt. No. 3 ("Motion for Counsel").

On March 11, 2020, the Hon. Daniel J. Stewart, United States Magistrate Judge, granted Plaintiff's IFP Application. Dkt. No. 6. Also on March 11, 2020, Judge Stewart recommended that Plaintiff's Title VII, Age Discrimination in Employment Act ("ADEA"), and Americans with Disabilities Act ("ADA") claims be dismissed with prejudice and that the remainder of Plaintiff's Complaint be dismissed under Rules 8 and 10 of the Federal Rules of Civil Procedure with leave to re-plead. Dkt. No. 7. Judge Stewart also denied Plaintiff's Motion for Counsel. Id.

On April 24, 2020, Plaintiff filed an amended complaint, Dkt. No. 10 ("Amended Complaint"), and a renewed motion to appoint counsel, Dkt. No. 11 ("Second Motion for

Counsel"). On May 5, 2020, this Court adopted Judge Stewart's report-recommendation and referred the Amended Complaint to Judge Stewart for review. See Dkt. No. 12.

On June 24, 2020, Judge Stewart recommended: (1) that Plaintiff's Title VII claim against UCS be permitted to proceed; (2) that all of Plaintiff's other claims against UCS be dismissed with prejudice on the basis of Eleventh Amendment immunity; (3) that Plaintiff's due process and wrongful termination claims against the individual defendants be permitted to proceed; (4) that Plaintiff's New York State Human Rights Law ("NYSHRL") disability discrimination claims against the individual defendants be permitted to proceed; (5) that Plaintiff's stigma-plus, slander, and defamation claims against the individual defendants be permitted to proceed; (6) that Plaintiff's NYSHRL retaliation claims against the individual defendants be permitted to proceed; (7) that Plaintiff's First Amendment retaliation claims against the individual defendants be permitted to proceed; (8) that Plaintiff's NYSHRL religious discrimination claims against the individual defendants be permitted to proceed; (9) that Plaintiff's Fourteenth Amendment equal protection claim against the individual defendants be permitted to proceed; and (10) that Plaintiff's equal protection claim under the New York State Constitution be dismissed. See Dkt. No. 14 ("Report-Recommendation"). Plaintiff did not file objections to the Report-Recommendation. Docket.

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II.    BACKGROUND

### A. Plaintiff's Factual Allegations

Plaintiff's factual allegations are summarized in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 5–8. For convenience, the Court summarizes them here.

Plaintiff worked for UCS as a Senior Court Office Assistant from April 12, 2001 until being terminated on January 7, 2019. Am. Compl. at 4. In August 2017, Plaintiff developed pain while filing documents and informed Plaintiff's supervisor at the time, Lee. Id. at 5. Lee told Plaintiff to obtain a doctor's note and to seek assistance from coworkers. Id. Plaintiff alleges that she complied with these requests. Id. During an October 2017 meeting at which Diebel and Mancino were present, Plaintiff was issued a verbal warning for "behaving like a supervisor by seeking assistance from [] coworkers for filing." Id. Plaintiff alleges that UCS managers began keeping a log of the files Plaintiff requested. Id.

On January 7, 2019, Plaintiff and a union representative met with Lee, Diebel, and Mancino. Id. at 4. Diebel stated that Plaintiff was terminated. Id.

**B. The Report-Recommendation**

*1. Plaintiff's Claims against UCS*

In the Report-Recommendation, Judge Stewart allowed Plaintiff's Title VII claim against UCS to proceed, citing Supreme Court precedent that recognizes that Congress intended to abrogate states' sovereign immunity under Title VII. See R. & R. at 8–9 (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 449 n.2 (1976)). However, Judge Stewart recommended dismissal of Plaintiff's other claims against UCS under the doctrine of sovereign immunity. See R. & R. at 9.

*2. Plaintiff's Claims against the Individual Defendants*

The Report-Recommendation permitted Plaintiff's due process and wrongful termination claims against the individual defendants to proceed. See R. & R. at 10. It also allowed Plaintiff's claims for disability discrimination under the NYSHRL to move forward. Id. at 11. Next, the Report-Recommendation recommended that Plaintiff's stigma-plus claim under 42 U.S.C. §

3

1983 and state law slander and defamation claims be permitted to proceed. Id. at 11. Judge

Stewart then decided that Plaintiff's NYSHRL religious discrimination claim can proceed

because she alleged she was terminated after requesting time off for religious purposes. Id. at 12.

Judge Stewart also advanced Plaintiff's First Amendment retaliation claim, id., and Plaintiff's

NYSHRL religious discrimination claim, id. at 12–13. As for Plaintiff's equal protection claims,

Judge Stewart recommended dismissal of her New York State Constitution claim because an

alternative remedy exists: Plaintiff's Fourteenth Amendment equal protection claim, which was

recommended to proceed. Id. at 13–14.

Judge Stewart next turned to Plaintiff's Second Motion for Counsel, recommending

denial because it is not yet clear whether Plaintiff's claims are supported by evidence and

therefore substantive. Id. at 15.

## III.   STANDARD OF REVIEW

### A. Review Under § 1915

Where, as here, a plaintiff proceeds IFP, "the court shall dismiss the case at any time" if

the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B). Thus, even if a plaintiff is eligible to proceed IFP, it is the court's responsibility to

determine whether the plaintiff may properly maintain the complaint. See id.

When a plaintiff proceeds pro se, "the court must construe his submissions liberally and

interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys.,

760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

4

**B. Review of a Report-Recommendation**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

IV.    **DISCUSSION**

Plaintiff did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

V.    **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **APPROVED and ADOPTED** in its entirety. The following claims asserted against defendants Diebel, Mancino, and Lee **SURVIVE** sua sponte review and require a response: (1) Plaintiff's due process and wrongful termination claims; (2) Plaintiff's NYSHRL disability discrimination claims; (3)

Plaintiff's stigma-plus, slander, and defamation claims; (4) Plaintiff's NYSHRL and First

Amendment retaliation claims; (5) Plaintiff's NYSHRL religious discrimination claims; and (6)

Plaintiff's Fourteenth Amendment equal protection claims. Plaintiff's New York State

Constitution equal protection claims against defendants Diebel, Mancino, and Lee are

**DISMISSED**. Plaintiff's Title VII claim against defendant UCS **SURVIVES** sua sponte review

and requires a response. Plaintiff's remaining claims against defendant UCS are **DISMISSED** as

barred by the Eleventh Amendment.

      **ORDERED**, that the Clerk shall serve a copy of this Decision and Order on all parties in

accordance with the Local Rules.

      **IT IS SO ORDERED.**


DATED:       September 23, 2020
               Albany, New York


Lawrence E. Kahn
U.S. District Judge