UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAJNI GANDHI,

                Plaintiff,

-against-                                       01:20-CV-0120 (LEK)

NEW YORK STATE UNIFIED COURT
SYSTEM, *et al.*,

                Defendants.

**DECISION AND ORDER**

**I.**     **INTRODUCTION**

Pro se plaintiff Rajni Gandhi ("Plaintiff") commenced this action on February 4, 2020, alleging state and federal law claims arising from her failure to receive a promotion and the later termination of her employment at the New York State Unified Court System ("UCS"). See Dkt. No. 1.

Now before the Court is Plaintiff's motion for reconsideration, Dkt. No. 55 ("Plaintiff's Diebel Motion"), of its Memorandum-Decision and Order, Dkt. No. 50, granting in part and denying in part Defendant Beth Diebel's motion to dismiss. Diebel has filed a response. Dkt. No. 57 ("Diebel Response"). Also before the Court is Plaintiff's motion for reconsideration, Dkt. No. 64 ("Plaintiff's Lee & Mancino Motion"), of its Memorandum-Decision and Order, Dkt. No. 56, granting in part and denying in part Defendants Laureen Lee and Anthony Mancino's motion to dismiss. Lee and Mancino have filed a response. Dkt. No. 66 ("Lee & Mancino Response").

For the reasons that follow, the Plaintiff's motions for reconsideration are denied.

**II.**     **BACKGROUND**

Plaintiff's factual allegations are detailed in this Court's previous orders, Dkt. Nos. 50, 56, familiarity with which is assumed.

## III. LEGAL STANDARD

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) reconsideration becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

## IV. DISCUSSION

### A. Wrongful Termination

Plaintiff seeks reconsideration of the Court's dismissal of her claim for wrongful termination against each of the Defendants. Pl.'s Diebel Mot. at 2; Pl.'s Lee & Mancino Mot. at 2. However, "apart from breach of an employment contract, no claim for wrongful termination exists in New York." Rayskin v. City of New York, No. 16-CV2311, 2018 WL 8201893, at *3 (S.D.N.Y. 2018). Here, Plaintiff has indeed alleged a breach of contract under her union's

2

Collective Bargaining Agreement ("CBA"), however, "[i]t is well-settled that an employee may maintain a breach of contract action based upon a CBA directly against the employer only if the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." Black v. Anheuser-Busch In Bev, 220 F. Supp. 3d 443, 449 (S.D.N.Y. 2016) (quoting Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d 721, 738 (S.D.N.Y. 2005)). In her motions for reconsideration, Plaintiff has pointed to no court decision altering New York case law, nor any new evidence that her union has breached its duty of fair representation. See generally Pl.'s Diebel Mot.; Pl.'s Lee & Mancino Mot. Indeed, she has reaffirmed that the Union "did their moral duty to represent" her. Pl.'s Diebel Mot at 5. As such, Plaintiff's motions for reconsideration of her wrongful termination claim are denied.

### B. State Law Defamation

Plaintiff seeks reconsideration of the Court's dismissal of her claim for state law defamation against Lee and Mancino. She argues that defamation has occurred simply as a result of the negative image created by her termination. Pl.'s Lee & Mancino Mot. at 6. However, she "cites no New York authority supporting [her] contention that termination alone is sufficient to establish defamation." In re Cairns & Assocs., Inc., No. 05-10220, 2006 WL 3332990, at *4 (Bankr. S.D.N.Y. Nov. 14, 2006) (finding that termination alone is not sufficient to establish defamation). Plaintiff also continues to articulate her compelled self-publication theory, which is precluded under New York Law. See Pl.'s Lee & Mancino Mot. at 6–7; Parker v. Citizen's Bank, N.A., No. 19-CV-1454, 2019 WL 5569680, at *3 (S.D.N.Y. Oct. 29, 2019). Plaintiff also alleges that information has been placed in her employee file, which is viewable by other judicial districts and offices within the UCS, and that statements labeling Plaintiff as incapacitated were made public at an August 7, 2019, hearing. See Pl.'s Lee & Mancino Mot. at 6–7. However, a

motion for reconsideration is not the place to plead new facts that could have been included in Plaintiff's original Complaint. AEP-PRI Inc. v. Galtronics Corp., No. 12-CV-8981, 2013 WL 5289740, at *2 (S.D.N.Y. Sept. 19, 2013), aff'd, 576 F. App'x 55 (2d Cir. 2014). And even if the Court were to consider the facts as pled in Plaintiff's Motion, Plaintiff has still failed to state a claim because she has not identified which defendants placed allegedly defamatory information in her employee file or made defamatory statements at the August 7, 2019, hearing, what defamatory information was shared, or how this information caused her harm. See generally Pl.'s Lee & Mancino Mot.; see also Stepanov v. Dow Jones & Co., 987 N.Y.S.2d 37, 41–42 (1st Dept. 2014) (describing the elements necessary to state a claim for defamation). As such, Plaintiff's motion for reconsideration of the Court's dismissal of her state law defamation claims against Lee and Mancino is denied.

### C. First Amendment Retaliation

Plaintiff seeks reconsideration of the Court's dismissal of her First Amendment retaliation claims against Lee and Mancino. Pl.'s Lee & Mancino Mot. at 13–14. The Court dismissed Plaintiff's claim because the grievance, which allegedly provoked retaliation, was directed at addressing Plaintiff's personal situation and not at communicating "to the public or [advancing] a political or social point of view beyond the employment context." Agosto v. New York City Dep't of Educ., 982 F.3d 86, 95 (2d Cir. 2020). Plaintiff now argues that her grievance was not entirely personal because other employees of the UCS may have seen the grievance in Plaintiff's employee file, and it may have prevented Plaintiff from receiving a lateral transfer to a new position. See Pl.'s Lee & Mancino Mot. at 14. Not only does this argument fail to demonstrate that the Court committed a clear error of law, it miscomprehends the reason that the claim was dismissed. "For public employees, speech that principally focuses on an issue that is

4

personal in nature and generally related to the speaker's own situation or that is calculated to redress personal grievances—even if touching on a matter of general importance—does not qualify for First Amendment protection." Agosto, 982 F.3d at 95 (internal quotation marks omitted). Here, the problem with Plaintiff's First Amendment retaliation claim is not that too few people saw her grievance, it is that the grievance was targeted at addressing her own denial of time off rather than at communicating a public message. Plaintiff has pointed to no law or facts refuting that analysis. As such, Plaintiff's motion for reconsideration of the Court's dismissal of her First Amendment retaliation claims against Lee and Mancino is denied.

### D.  Religious Discrimination

Plaintiff seeks reconsideration of the Court's dismissal of her state law religious discrimination claims against Diebel and Lee. Pl.'s Diebel Mot. at 8; Pl.'s Lee & Mancino Mot. at 15–16. To support her claim against Diebel, Plaintiff points to emails between Diebel and Union Representative Scott Garland regarding denial of Plaintiff's requested time off for religious travel. See Pl.'s Diebel Mot. at 8–9; 12–19. However, even if this could be considered "new evidence not previously available," it does not support Plaintiff's contention. Instead, the emails suggest that Diebel denied Plaintiff's requests either based on "operational needs" or because Plaintiff's supervisors did "not like that she ha[d] seniority and [got] the annual leave she request[ed] first" leading her coworkers' requests to be denied. See id. at 16, 19. Neither of these explanations support Plaintiff's claim for religious discrimination.

With regard to Lee, Plaintiff simply restates her allegations that Lee knew of the religious nature of her annual trips to India and knew that the union contract allowed Plaintiff to take that time off, but still denied her time off. See Pl.'s Lee & Mancino Mot. at 15–16. Plaintiff provides no new evidence nor any explanation as to how the Court committed a clear error of law when it

5

found these allegations insufficient to plausibly support the inference that Lee participated in Plaintiff's termination based on discriminatory intent. As such, Plaintiff's motions for reconsideration of the Court's dismissal of her state law religious discrimination claims against Diebel and Lee are denied.

### E. Equal Protection

Finally, Plaintiff seeks reconsideration of the Court's dismissal of her equal protection claims against all Defendants. Pl.'s Diebel Mot. at 9–11; Pl.'s Lee & Mancino Mot. at 12–13. With regard to Plaintiff's claim against Diebel, Plaintiff maintains that Diebel "had authority over selection of interview candidates and the ultimate hiring decision" and was aware of Plaintiff's disability. Pl.'s Diebel Mot. at 10. This is not previously unavailable evidence justifying reconsideration of the Court's previous decision. Furthermore, Plaintiff continues to maintain that the individual hired as secretary to the judge was chosen based on personal favoritism and alleges no facts tending to show that Plaintiff was denied the job as a result of discrimination. See id.

With regard to Plaintiff's claim against Lee and Mancino, Plaintiff contends that they knew of her disability and that they could have selected her for the position "rather than planning to terminate" her. Lee & Mancino Mot. at 12. Again, this is not new evidence justifying reconsideration of the Court's previous decision and Plaintiff is not permitted to use her motions for reconsideration to present new legal theories. Sequa Corp., 156 F.3d at 144. As such, Plaintiff's motions for reconsideration of her wrongful termination claims are denied.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motions for Reconsideration, Dkt. Nos. 55, 64 are **DENIED**.

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 11, 2022
           Albany, New York

LAWRENCE E. KAHN
United States District Judge